MAUDE ANDREWS, Respondent, *v.* ANDREW J. CONNICK, JR., and Others, Individually and as Executors, etc., of ANDREW J. CONNICK, Deceased, Appellants.

First Department, April 4, 1924.

Landlord and tenant — action by tenant for damages for cancellation of lease — lease provided for cancellation upon sixty days' notice in case of sale — contract for sale made and notice of cancellation served — purchaser defaulted — tenant vacated premises without knowledge of default after same was known to landlords — landlords rented premises at increased rent to another — instructions — error for court to charge that plaintiff must establish fraudulent scheme by landlords.

In an action by a tenant against her landlords for damages for the cancellation of a lease containing a provision for its cancellation by the landlords upon sixty days' notice in case of a sale of the premises, wherein it appeared that a contract of sale was made and notice of cancellation of the lease served on the tenant, that the purchaser defaulted, that the tenant vacated without knowledge of such default but after it was known to the landlords and that the landlords rented the premises to another at an increased rent, it was prejudicial error requiring reversal, in view of the record and the theory advanced by plaintiff, for the court to charge the jury that in order to recover the plaintiff must establish that the defendants resorted to a fraudulent scheme for the purpose of ousting the plaintiff from the premises.

DOWLING and FINCH, JJ., dissent in part.

APPEAL by the defendants, Andrew J. Connick, Jr., and others, individually and as executors, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of May, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of June, 1923, denying the defendants' motion for a new trial made upon the minutes.

*Simpson, Thacher & Bartlett* [*Thomas D. Thacher* of counsel; *Louis S. Weiss* with him on the brief], for the appellants.

*John McKim Minton, Jr.* [*Orville C. Sanborn* with him on the brief], for the respondent.

MARTIN, J.:

The executors of the estate of Andrew J. Connick, after his death in March, 1919, held as a part of the estate a private dwelling located at No. 328 West Seventy-second street in the city of New York. They desired to sell this property, but prior to June, 1919, were unable to find a purchaser. It was then determined to secure a tenant for the premises.

11

On June 20, 1919, a lease, the basis of the present controversy, was entered into between the plaintiff and the defendants. By its terms the property was demised to plaintiff for a term of five years and two months from August 1, 1919, until September 30, 1924, at an annual rental of $3,500. The defendants, still anxious to sell, reserved the right to cancel the lease, if there should be a sale, upon giving sixty days' notice of cancellation in writing and permitting the tenant to remain in the premises " rent free " for two months.

During the month of July, 1919, the plaintiff took possession of the premises for the purpose of conducting a rooming house therein. In an effort to sell the property, the defendants placed this house and other real estate owned by Mr. Connick at the time of his death with Ernest Tribelhorn, a real estate broker. In February, 1920, he met the defendant Andrew J. Connick, Jr., and made an offer on behalf of a client, the Payne Construction Company, to purchase the house theretofore leased to plaintiff.

Thereafter satisfactory terms were arranged and a contract of sale was executed between defendant and the Payne Construction Company, by the terms of which that company agreed to purchase the property for $70,000. When the contract was signed, as provided therein, the defendants received from the Payne Construction Company an initial payment of $2,000. The closing was set for April 28, 1920, and it was further provided that the sale was to be made subject to the lease of the premises to Maude Andrews which had been exhibited to the purchaser. The vendor agreed to give notice of cancellation of the lease immediately on the execution of this contract and at the closing of title to furnish proof of the giving of such notice.

The defendants gave plaintiff a sixty days' notice of cancellation in accordance with the lease, and arranged to allow the plaintiff, as required by its terms, to remain in the premises for two months without paying rent.

On April 28, 1920, the Payne Construction Company failed to appear at the hour and place set for the closing. The outcome was that the contract of sale was not consummated. On the trial it was established that the premises had not been sold and that in November, 1920, the defendants made a new lease to another tenant, at an annual rental of $6,000 per annum, which was $2,500 per annum in excess of the rental reserved in the lease to the plaintiff.

On April 29, 1920, when, apparently, the defendants knew the proposed buyer had defaulted, and while plaintiff was still in possession, they sent her the following notice:

" *April* 29, 1920.

" Mrs. MAUDE ANDREWS,
    " 328 West 72nd Street,
              " New York City:

" DEAR MADAM.— Reference is made to our notification to you in writing on February 28, 1920, of the cancellation of your lease under the terms of the lease to you of premises 328 West 72nd Street.

" The sixty days notice therein provided for having expired, it is requested that you advise us at once what arrangements you are making to vacate the premises. We would wish to treat you at all times with all possible courtesy and consideration, but expect the same courtesy and consideration in return from you. If you need and we can arrange to give you some slight additional time to move out, we would try to accommodate you, but in any event we cannot permit the fact of the cancellation of the lease to be ignored.

" It is suggested and requested therefore that you call to see the undersigned without delay.

                    " Very truly yours,
              " ANDREW J. CONNICK, JR.,
                    " *Executor of the Estate of Andrew J.
                        Connick, deceased.*"

The suggestions set forth in this letter that plaintiff's time be extended and that she vacate the premises at a later date were followed out, the plaintiff believing that the premises had been sold.

On this and the other evidence in the case the jury might have found that the premises were not sold as contemplated by the lease. The court, however, submitted the case to the jury on an erroneous theory, saying that unless the plaintiff established fraud she could not recover.

On the record before us, there is no evidence sufficient to support the theory on which there has been a verdict, that defendants resorted to a fraudulent device or scheme to oust the plaintiff from the premises in order to secure a higher rent. Moreover, we understand plaintiff's contention to be, not that there was a fraudulent contract of sale, but that the alleged notices were fraudulent and untrue.

The sole question before the court was whether there had been a sale of the premises as provided for in the lease. We have been referred to a number of cases which hold that where a lease contains a clause limiting the term after notice, where a sale has been made, the tenant may be dispossessed, and some of the cases hold that a contract of sale is sufficient to warrant affirmative action. In

each case cited the sale was actually consummated, or the question arose in a proceeding to obtain possession of the premises. In some of the cases referred to it was provided that if a contract for a sale were executed the tenant must vacate on notice in writing. All of these cases may be distinguished from this one.

We believe that there was no warrant, either on the evidence or on plaintiff's theory of her own case, for leaving the jury free to find the entire transaction with the Payne Construction Company to be a fraudulent scheme, and that the submission of the case on that basis was prejudicial to defendants before the jury.

The judgment and order should be reversed and a new trial ordered, with costs to appellants to abide the event.

MERRELL and McAVOY, JJ., concur; DOWLING and FINCH, JJ., concur in the reversal of the judgment but vote to dismiss the complaint upon the ground that there was no evidence of fraud which would warrant the recovery herein .

Judgment and order reversed and new trial ordered, with costs to appellants to abide the event.